**Mark Lewis WARREN, Appellant,**

v.

**DRAKE UNIVERSITY, an Iowa Corporation; Richard Calkins; and Robert Blink, Appellees.**

**No. 88–2851.**

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1989.

Decided Sept. 25, 1989.

Anthony F. Renzo, San Francisco, Cal., for appellant.

Robert G. Allbee, Des Moines, Iowa, for appellees.

Before LAY, Chief Judge, BOWMAN, Circuit Judge, and LARSON,* Senior District Judge.

LARSON, Senior District Judge.

Plaintiff Mark Warren appeals from the district court's[1] entry of judgment against him, based upon a jury's verdict finding defendant Drake University had not acted arbitrarily nor had it breached any contract with plaintiff when it suspended and then expelled him from law school. We affirm.

Plaintiff enrolled as a law student at Drake University in 1981. On December 22, 1982, he was arrested at a Des Moines shopping center after he attempted to use a stolen credit card to obtain merchandise. Plaintiff was apprehended in the Hy–Vee lot adjacent to the shopping center after he fled from the store and from police. The police report indicated plaintiff possessed not only the stolen credit card of Richard Baker, but also (1) a credit card belonging to Henry Stronenger, (2) a credit card belonging to Carl Womble, (3) a credit card belonging to Kent Dann, (4) a Texas driver's license in the name of Steven Martin, and (5) a New York driver's license in the name of Harold Raphmond. In addition, plaintiff's car contained over $275.00 worth of purchases which had been made with Richard Baker's stolen credit card.

Plaintiff was formally charged on January 27, 1983, with one count of false use of a credit card. At the time, plaintiff had two semesters to complete before graduation from law school. When plaintiff's case came on for trial in May, 1983, plaintiff moved for a continuance until January, 1984, to delay resolution of his criminal trial until after his expected date of graduation in December, 1983.

In June, 1983, faculty members at Drake Law School reviewed the criminal file in plaintiff's case. At a faculty meeting held June 16, 1983, the faculty passed a resolution suspending any law student indicted or charged with criminal conduct "unless for good cause shown," pending resolution of the matter in the criminal court. The faculty also voted to suspend plaintiff pursuant to this resolution and he was notified of his suspension by letter.

On August 23, 1983, plaintiff brought a state court action seeking an injunction compelling the law school to admit him for the upcoming fall semester. The state court refused to grant the injunction, finding "incredible" plaintiff's testimony that the stolen credit card belonged to his "friend" "Richard" who could no longer be located. Plaintiff later dismissed his state court action. On September 16, 1983, plaintiff entered an *Alford* plea of guilty to the criminal charge,[2] and was sentenced on January 23, 1984. After completion of one year of probation, the charge against him was dismissed and his criminal record expunged.

Plaintiff petitioned Drake for reinstatement in January, 1985. Plaintiff was advised his petition would be rejected, and plaintiff and his counsel appeared before the law school faculty in July, 1986. After the meeting, the faculty again determined not to reinstate plaintiff on the grounds that his readmission "would be inconsistent with the duty of the Law School to the public and with the standards for admission to the Law School. Furthermore, such readmission would have a detrimental effect on the morale of the student body and would be detrimental to the reputation and standing of the Law School."

Plaintiff commenced this action in September, 1986, alleging violations of his constitutional rights, breach of contract, and that the law school's actions were arbi-

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Donald E. O'Brien, United States District Judge for the Southern District of Iowa.

2. In entering an *Alford* plea, Warren maintained his innocence, but admitted there was sufficient evidence against him that it was probable he would be convicted.

trary, capricious, and in bad faith. The district court dismissed plaintiff's constitutional claims and his claims against individual school officials, but denied summary judgment on plaintiff's contract and bad faith claims against the University, which were tried to a jury at plaintiff's request.

The jury found against plaintiff on both claims. In answers to special interrogatories, the jury found the provisions of the student handbook, honor code, and a reservation of rights clause in the Drake University Catalog formed a contract between plaintiff and the University, but further found the contract had not been breached by Drake, either when it suspended plaintiff in 1983 or when it refused to readmit him in 1985. In addition, the jury found no arbitrary, capricious, or bad faith conduct on the part of the University.

Plaintiff has appealed the verdict against him on his contract claim, in effect challenging the jury's finding of no breach of contract by arguing that as a matter of law the handbook and honor code apply to his activities and the procedures therein were not properly followed. Plaintiff's contract claim is, of course, governed by state law. Under Iowa law, "a student at a private school should be able to rely upon the school to follow the established procedures it voluntarily promulgated" before a student can be dismissed for disciplinary reasons. *Harvey v. Palmer College of Chiropractic*, 363 N.W.2d 443, 446 (Iowa App. 1984). In reversing a directed verdict in favor of a private college, the *Harvey* Court held the issue of whether the school substantially complied with its regulations should have been submitted to a jury. *Id.*

Subsequent to *Harvey*, the Iowa Supreme Court ruled in *Cannon v. National By-Products, Inc.*, 422 N.W.2d 638 (Iowa 1988), that the issue of what documents constitute a contract is also properly one for the jury to decide. *Id.* at 640. Consistent with *Cannon*, the district court in this case properly submitted to the jury the question of which documents were a part of the contract between plaintiff and Drake.

Plaintiff does not quarrel with the jury's findings that the honor code, the student handbook, and the reservation of rights clause were all a part of his contract with Drake. Plaintiff urges this Court to construe these documents to require a hearing prior to any disciplinary action. Plaintiff cites *Corso v. Creighton University*, 731 F.2d 529 (8th Cir.1984), in which this Court, applying Nebraska law, ruled the procedures in a student handbook must be followed prior to any disciplinary action being taken against a student. *Id.* at 532–33.

This case differs from *Corso*, however, because plaintiff in this case never asked the district court, either via a motion for summary judgment or a motion for a directed verdict, to so construe his contract. Instead, plaintiff submitted proposed jury instructions which requested the *jury* to find whether the University had breached its contract by failing to follow the outlined procedures. As the district court's memorandum opinion states, the question of whether a breach occurred, "after considerable input from both parties, was made a part of the jury verdict form, and the jury clearly found Drake had not breached the three-part 'contract' in any respect."

Under Iowa law, plaintiff may not now challenge the jury's verdict against him on the ground that the court should have interpreted the contract as a matter of law. In *Farm–Fuel Products Corp. v. Grain Processing Corp.*, 429 N.W.2d 153 (Iowa 1988), the Iowa Supreme Court refused to consider defendant's argument that the legal effect of the language of a warranty was a question of law for the court when the defendant had failed to ask the trial court for such a ruling. *Id.* at 159. The court stated:

> In other words, [defendant] allowed [the legal effect of the language] to be decided by the jury, and it must now live with the jury's finding.

*Id.*

The *Farm–Fuel* Court went on to consider the sufficiency of the evidence in support of the jury's finding, *see id.*, but as defendant correctly asserts, we *cannot do* so here because plaintiff has failed to pro-

vide a transcript from which to review the evidence presented. *See* Fed.R.App. 10(b)(2). Plaintiff has also effectively conceded this issue in briefs filed before this Court and before the district court, by stating simply he was not challenging the district court's judgment "on evidence insufficiency grounds."

If construing the contract as a matter of law, we might well have reached a different result than the jury in this case,[3] but because plaintiff elected to have a jury construe his contract with the University in determining whether the University's actions constituted a breach of that contract, and because the record on appeal precludes our review of the sufficiency of the evidence in support of the jury's verdict that no breach of contract occurred, the judgment of the district court against plaintiff is in all respects affirmed.

---

**3.** Although we note that even if plaintiff was entitled to a hearing prior to his suspension or expulsion, the appropriate remedy, based on the facts of this case, would be a remand for such a hearing under the procedures outlined in the student handbook and/or honor code, not the order for reinstatement sought by plaintiff. *Cf. Corso,* 731 F.2d at 533.