**UNITED STATES of America**

v.

**Rayful EDMOND, III, et al., Defendants.**

**Crim. A. No. 89–162 (CRR).**

United States District Court,
District of Columbia.

Jan. 9, 1992.

Jay B. Stephens, U.S. Atty., and John R. Fisher and Elizabeth H. Danello, Asst. U.S. Attys., for U.S.

Jeffrey Thompson–Retna Pullings, Raynice Thompson–Joanne Vasco, Washington, D.C., for defendants.

Peter E. Kaplan of Weiner, McCaffrey, Brodsky, Kaplan & Levin, Washington, D.C., for Dominion Bankshares Mortg. Corp.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

*I. Background*

On March 30, 1990, a jury returned guilty verdicts against a number of defendants in the above-captioned action. In addition, the jury returned special verdicts on Counts Six and Seven finding that the defendants' interest in each of the pieces of real property identified in Counts Six and Seven is subject to forfeiture to the United States, pursuant to 21 U.S.C. § 853.

On April 20, 1990, the Court entered an Order of Forfeiture regarding said properties. On May 16, 1990, upon motion of defendants Rachelle Edmond, Jeffrey L. Thompson, and Raynice Thompson, the Court stayed its Order of Forfeiture pending the resolution of their appeals in the above-captioned case. The Court found that if the defendants were denied their request for a stay, they would effectively be deprived of their right to appeal the jury's forfeiture verdicts. *See, e.g., American Library Ass'n v. Thornburgh,* 713 F.Supp. 469, 488 (D.D.C.1989); *see also* Fed.R.Crim.P. 38(e) (permitting stay of forfeiture resulting from certain drug convictions).

Before the Court is a Petition for Claim and a Motion for Removal of the Stay of the Forfeiture Order filed by petitioner Dominion Bankshares Mortgage Corporation

("Dominion") regarding the property identified as 12207 Kingsbrook Street, Mitchellville, Maryland, which was subject to the aforementioned orders. Dominion holds the deed of trust secured by the property.

Dominion contends that it is an innocent lienholder in the property. Dominion purchased the mortgage to the property on September 24, 1986, seventeen months before the defendants Jeffrey and Raynice Thompson purchased the property and assumed the mortgage. Dominion incorporated the mortgage into a pool of mortgages that secures a mortgage backed security. Dominion asserts that the Thompsons have made no mortgage payments, and have been in default on the mortgage since April 1, 1989, and that under the terms of the mortgage, Dominion is empowered to foreclose on the property. *See* Dominion's Motion at 2–4.

The property has been vacant since the forfeiture proceedings of two years ago. Dominion and the government agree that the vacant property risks serious depreciation in value. Further, Dominion argues that the amount owed to Dominion under the Mortgage was $113,137.63 as of April 1, 1991, and is increasing monthly, and estimated that the Thompson's equity in the property was less than $23,000 as of that date, and declining at such a rate as to be almost eliminated within a year. Dominion also notes that as issuer of the mortgage backed security, it has been and continues to be obliged to make monthly principal and interest payments totalling $819.83 to investors, although no mortgage payments have been received since April 1, 1989. *See* Dominion's Motion at 4–5.

Dominion seeks a removal of the stay of the forfeiture order, an order that the property be sold, a declaration of its legal interest in the property, an order that the government pay the mortgage payments to Dominion until the sale of the property, and require the government to pay the sale proceeds first to the United States Marshal for the costs of maintaining the property and then to pay Dominion the amounts owed. The government agrees that the stay should be lifted and the property sold

to protect all interests, but requests that the sale take place pursuant to the interlocutory sale provisions of 19 U.S.C. § 1612(a) and 28 U.S.C. § 2001. The defendants Raynice and Jeffrey Thompson oppose the Motion for Removal of the Stay on the ground that it deprives them of their right to appeal the jury's forfeiture verdicts.

*II. Analysis*

There is a dearth of authority on the question of the procedures which should be followed in lifting a stay of an order of forfeiture in a case in which an appeal is pending. In fact, the adjudication of the rights of third parties in forfeiture actions in general has been subject to a great deal of confusion. *See e.g.*, M. Goldsmith and M. Linderman, "Asset Forfeiture and Third Party Rights: The Need for Further Law Reform," 1989 *Duke L.J.* 1254 (1989); T. Reed, "Criminal Forfeiture Under the Comprehensive Forfeiture Act of 1984: Raising the Stakes," 22 Am.Crim.L.Rev. 747, 749, 769–76 (1985). The statute itself provides contradicting messages. It states in subsection (k) that:

> Except as provided in subsection (n) of this section, no party claiming an interest in property subject to forfeiture under this section may—
>
> (1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this subchapter

21 U.S.C. § 853(k).

Subsection (n) allows third-parties to petition for an adjudication of their interests in forfeited property once an order of forfeiture has been entered. 21 U.S.C. § 853(n)(2). After a hearing, the statute allows for an amendment of the forfeiture order if the Court determines that the petitioner has a legal interest in the property which renders the forfeiture order invalid in whole or in part. 21 U.S.C. § 853(n)(6).

In this case, the Court entered, but subsequently stayed, a forfeiture order. The right of the third party to petition the Court at this juncture, before the appeal is resolved and before the final order is entered is somewhat unclear. *See* 21 U.S.C. § 853(k). However, the Court finds that to

deny the third party a chance to adjudicate its interests would be to exalt form over substance, because 21 U.S.C. § 853(n) is designed to protect the interests of innocent third parties. In *United States v. Reckmeyer*, 836 F.2d 200, 207–208 (4th Cir. 1987), the Fourth Circuit analyzed the legislative history of the statute and concluded that

> Congress intended, through § 1963(l) and its equivalent, § 853(n), to provide a means by which third persons who raise challenges to the validity of the forfeiture order could have their claims adjudicated. It would be an oddity if Congress, having so clearly expressed its intention that such claim be heard, did not intend those who successfully pressed those claims to be awarded relief.

*Id.* at 208. *See also United States v. One Single Family Residence*, 894 F.2d 1511, 1518 (11th Cir.1990); *In re Metmor*, 819 F.2d 446, 451 (4th Cir.1987) (discussing the analogous provisions of the civil forfeiture statute, 21 U.S.C. § 881(a)). Accordingly, the Court finds that the initial entry of the forfeiture order entitles the petitioner to request the lifting of the stay.

The Court initially granted the stay in its discretion in order to protect the defendants' interests. *See* 21 U.S.C. § 853, Order filed May 16, 1990. The Court finds that the stay has outlived its usefulness with respect to the Kingsbrook Street property, which continues to decline in value as it lies idle. The law should be based on common sense and that is what this case calls for now. Accordingly, the Court shall lift the stay of the forfeiture order, allow the sale of the property, and hold a hearing on the rights of third parties to the property in order to protect the interests of all of the parties in avoiding unnecessary depreciation of this vacant property.

■ In order to protect the defendants' right to appeal the forfeiture verdict, if the

government sells or otherwise disposes of the property before the adjudication of third party interests, the Court shall require the United States to hold the proceeds of said sale in an interest-bearing escrow account. *See United States v. Peters*, 777 F.2d 1294, 1295 (7th Cir.1985) (describing district court entry of forfeiture order, sale of the relevant property, and the placement of the proceeds of sale in an interest-bearing escrow account pending the outcome of appeal). The Court shall hold a hearing to determine the rights of innocent lienholders to the property, and should the property be released to the lienholder, the Court shall take appropriate measures to protect the defendants' remaining equity in the property pending the outcome of their appeals, such as, for example, requiring the lienholder to post a bond in the amount of the defendants' equity, plus interest. *Cf. In re Newport Savings and Loan Ass'n*, 928 F.2d 472, 479–80 (1st Cir.1991).

■ This arrangement works to the defendants' advantage because if the property continues to lie idle, subject to the mortgage and declining in value, there would very likely be no remaining equity in the property to return to the defendants (or to be forfeited to the government). *See* Dominion's Motion at 5.[1] The Court also notes that holding a hearing to adjudicate the rights of third parties now does not harm the defendants; rather, this adjudication will merely discharge the defendants' pre-existing obligations. Even though the defendants have a right to appeal the jury's verdict of forfeiture, they have no right to default on their mortgage or prevent the lienholder, from whom they have obtained a benefit, from perfecting its lien. The Court shall take appropriate measures to protect the defendants' equity.

The Court is aware it denied a similar motion in this case filed by Bancplus Mort-

---

**1.** The government argues that the sale should be held pursuant to the interlocutory sale provisions of 19 U.S.C. § 1612, a part of the customs law. The Court is not persuaded, however, that the sale contemplated here is interlocutory in nature. The interlocutory sale provision governs the sale of goods that have been seized by the government but before condemnation proceedings (which are analogous to the forfeiture proceedings). Here, once the stay is lifted, the property will already be forfeited. Therefore the sale is not interlocutory, and 19 U.S.C. § 1612 is not applicable.

gage Corporation regarding the property located at 1009 Peconic Place, Upper Marlboro, MD. That situation is distinct from the situation presented here, because the Bancplus failed to successfully demonstrate that the property at issue, which was being rented, was wasting in value or that the interests of Bancplus would be prejudiced by filing its petition after the appeal as to the Peconic Place property has been resolved. *See* Order filed July 22, 1991.

The government and the petitioner have also raised arguments regarding the government's liability to Dominion for various fees and costs. The Court finds that these arguments are premature and shall be resolved when Dominion's claim to the property is adjudicated.

### III. Conclusion

For all of the reasons previously set forth herein, the Court shall grant in part, and deny in part Dominion's Petition for Claim and Motion for Removal of the Stay. It shall grant the motion to the extent that the stay shall be removed for the property at 12207 Kingsbrook Street and the property shall be sold. Insofar as the petitioner seeks a declaration of its legal right to the property, an order that the government pay Dominion monthly mortgage payments, and directing the disposition of the proceeds of the sale, the Court shall deny the motion without prejudice. The Court shall also order that if the property is sold before the hearing, the proceeds of the sale shall be placed in an interest-bearing escrow account pending resolution of the adjudication of the claims of third parties to the property. The Court will take measures to insure that the defendants' rights to their remaining equity in the property, plus interest, are preserved pending the outcome of their appeals.

The Court shall issue an Order on this date in accordance with this Memorandum Opinion.

### ORDER

In accordance with the Court's Memorandum Opinion filed on even date herewith, it is, by the Court, this 9 day of January, 1992,

ORDERED that the petitioner's Motion to Lift Stay and Petition for Claim shall be, and hereby is, GRANTED in part and DENIED in part; and it is

FURTHER ORDERED that the Court's Order of May 16, 1990, granting a stay of the Court's Order of Forfeiture of April 20, 1990, shall be, and hereby is, VACATED with respect to the property identified as:

12207 Kingsbrook Street, Mitchellville, Maryland, further described as lot 26, block 68, in the subdivision known as "Plat 45, Kettering," recorded in plat book WW89, at Plat 4, in Prince Georges County, Maryland

*only,* and that the April 20, 1990 Order of Forfeiture with respect to the 12207 Kingsbrook Street property shall be entered; and it is

FURTHER ORDERED that the May 16, 1990 stay of the Order of Forfeiture shall remain in effect in all other respects; and it is

FURTHER ORDERED that in response to Dominion Bankshares Mortgage Corporation's Petition for Claim, and pursuant to 21 U.S.C. § 853(n)(2), the Court shall hold a hearing to adjudicate the validity and extent of any and all third party interests in said property on February 3, 1992 at 2:30 p.m.; and it is

FURTHER ORDERED that pursuant to 21 U.S.C. § 853(n)(1), the plaintiff the United States, through the United States Marshal, shall publish notice of this order and of the scheduled hearing, and of its intent to dispose of the property in such manner as the Attorney General may direct by advertising the same in a newspaper of several circulation in both Prince Georges County, Maryland, and Washington, D.C. The plaintiff shall also give notice by certified mail of this order and hearing to all known parties of interest in the forfeited real property at 12207 Kingsbrook Street; and it is

FURTHER ORDERED that any proceeds of any sale or other disposition of the property shall be placed by the plaintiff the

United States of America into an interest-bearing escrow account under the jurisdiction of the Clerk of the Court, pending the adjudication of third-party interests and further order of this Court; and it is

FURTHER ORDERED that pursuant to the adjudication of third party interests, if, at the hearing, any portion of the property is successfully demonstrated to have been improperly forfeited, the Court shall order the property released to the innocent third parties pursuant to 21 U.S.C. § 853(n)(6); however, the Court shall also, at that time, consider appropriate measures to preserve the defendants' equity in the property pending the outcome of their appeal, such as requiring the innocent third party to post a bond in the amount of the defendants' equity, plus interest; and it is

FURTHER ORDERED that petitioner's demands for costs, penalties, attorney's fees and monthly mortgage payments shall be, and hereby are, DENIED without prejudice pending the adjudication of petitioner's interest in the property.