## UNITED STATES of America

v.

## BCCI HOLDINGS (LUXEMBOURG), S.A., Bank of Credit and Commerce International, S.A., Bank of Credit and Commerce International (Overseas) Limited, and International Credit and Investment Company (Overseas) Limited, Defendants.

### Crim. Action No. 91–0655 (JHG).

United States District Court, District of Columbia.

March 6, 1996.

---

**32**

Stefan D. Cassella, Asset Forfeiture Office, Criminal Division, U.S. Department of Justice, Rutherford, NJ, for the United States.

Gerald J. Roble, Merkle & Magri, P.A., Tampa, FL, for Lee Scarfone and Patricia Scarfone.

William A. Davis, Fried, Frank, Harris, Shriver & Jacobsen, Wash., DC, for White Consolidated Industries.

Aqeel Ahmed Siddiqui, Pro Se.

Syed Chiragh Ali Shah, Pro Se.

Barry M. Boren, Miami, FL, for Mahfooz H. Rizvi, Hina M. Rizvi, Vasudeva M. Iyer and Rajalakshmi V. Iyer.

### THIRD ROUND PETITIONS OF GENERAL CREDITORS OF BCCI:

### LEE SCARFONE AND PATRICIA SCARFONE; WHITE CONSOLIDATED INDUSTRIES; AQEEL AHMED SIDDIQUI; SYED CHIRAGH ALI SHAH; MAHFOOZ H. RIZVI AND HINA M. RIZVI; and VASUDEVA M. IYER AND RAJALAKSHMI V. IYER.

### ORDER GRANTING MOTIONS TO DISMISS

JOYCE HENS GREEN, District Judge.

Presently pending are the United States' Motions to Dismiss ("Motion to Dismiss") the following petitions: (1) Petition for Hearing to Adjudicate Right, Title or Interest in Forfeited Property of Lee Scarfone and Patricia Scarfone, Individually, ALSA International, Inc., a Florida Corporation, and Banditball, Inc., a Florida Corporation ("Scarfones' L–Claim"); (2) Supplemental Claim and Petition of White Consolidated Industries, Inc., Pursuant to 18 U.S.C. § 1963(*l*) for Hearing to Adjudicate its Interest in Forfeited Property ("WCI's L–Claim"); (3) Syed Chiragh Ali Shah's Petitions (sic) Filed in Response to August 19, 1993 Order of Forfeiture ("Shah's L–Claim"); (4) Affidavit on Oath by Aqeel Ahmed Siddiqui in Compliance with the Notice of Third Party Claimant Dated September 16, 1993 ("Siddiqui's L–Claim"); (5) Petition to Adjudicate Validity of Claim of Mahfooz H. Rizvi and Hina M. Rizvi ("Rizvis' L–Claim"); and (6) Petition to Adjudicate Validity of Claim of Vasudeva M. Iyer and Rajalakshmi V. Iyer ("Iyers' L–Claim").

The government has moved to dismiss each of the petitioners' claims on the grounds that each is a general creditor who lacks standing under 18 U.S.C. § 1963(*l*)(2). For the reasons expressed below, the Motions to Dismiss will be granted.

### BACKGROUND

On January 24, 1992, this Court, following findings of fact and conclusions of law with supporting reasons made in open court, accepted the pleas of guilty of the four corporate defendants (collectively "BCCI") and the plea agreement between them and the United States of America. Thereupon, and in accordance with 18 U.S.C. § 1963, an Order of Forfeiture was entered.

Paragraph 1(e) of the Order provides that the corporate defendants named in this action shall forfeit to the United States ownership interests in all property located in the United States, including, without limitation, real property and all tangible and intangible personal property, however held, whether subsequently identified, determined or discovered in the course of the ongoing liquidation proceedings described therein or otherwise identified, determined, or discovered in any manner at any time, but not property that may be brought into the United States by or on behalf of the Court–Appointed Fiduciaries of BCCI in the course of the management or disbursement of the liquidation estates as described in the plea agreement.

Attached to the First Order of Forfeiture was a listing of BCCI accounts, with corresponding numbers, names, and approximate balances, which the United States Marshals

Service was directed to seize forthwith. Because the government was unable to verify certain information concerning additional forfeitable accounts at the time the Order of Forfeiture was entered, the Court issued a First Supplemental Order on January 31, 1992, which directed immediate seizure of the specific assets listed therein. The Court has since amended the Order of Forfeiture to include additional assets, including property set forth in Second and Third Supplemental Lists of Forfeited Property. *See* Order of Forfeiture of July 29, 1992 (Second Order of Forfeiture); Order of Forfeiture of August 19, 1993 (Third Order of Forfeiture). Attached to the Third Order of Forfeiture, which is relevant to the petitioners' L–Claims presently before the Court, was a Third Supplemental List of Forfeited Property aggregating $101,302,465.54.

In compliance with 18 U.S.C. § 1963($l$)(1) and to inform third parties of their potential rights to seek recovery of assets declared forfeited in the Third Order of Forfeiture, the United States published notice of the Order of Forfeiture, as amended, during the period September 3, 1993, and September 27, 1993 in eleven major newspapers including the *Wall Street Journal*, the *New York Times*, the *Chicago Tribune*, the *Los Angeles Daily Journal*, the *Washington Post*, and the *International Herald Tribune*. *See* United States' Notice to the Court of the government's compliance with Order of August 19, 1993 (filed Sept. 21, 1993). In addition, personal notice was sent to over 523 persons and entities. *Id.* at Exhibit 2, at 11.

Subsequently, this Court held hearings on the petitions arising from the Third Round of Forfeiture.

### 1. Scarfones' L–Claim

On October 4, 1993, the Scarfones' timely filed their L–Claim. These petitioners, whose L–Claims in Rounds One and Two were dismissed by this Court on the ground that the Scarfones were unsecured general creditors of BCCI, *United States v. BCCI Holdings (Luxembourg), et al.*, 841 F.Supp.

1, 4–5 (D.D.C.1993), have asserted a similar L–Claim in Round Three. The Scarfones' petition stems from a pending lawsuit in which they have asserted claims against, *inter alia*, BCCI. According to the amended complaint in *Scarfone, et al., v. REGENCY BANK, et al.*, 89–912–C–T–13C (M.D.FL.), a copy of which is attached to their L–Claim, the Scarfones allege that BCCI breached its fiduciary duty and, along with others, violated the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962(c).[1]

In general, the Scarfones aver that BCCI loaned them $1,950,000.00, which was secured by an interest in the property of ALSA International. *See* Scarfones' L–Claim, *supra*, at ¶ 7. BCCI later assigned this interest to REGENCY BANK who purchased the ALSA International property at a foreclosure sale. The Scarfones contend that as a result of BCCI's breaches and REGENCY BANK's foreclosure, they lost significant assets and their ability to develop other financial interests. The Scarfones also allege that BCCI's breaches forced them into bankruptcy.

Nevertheless, the Scarfones have failed to identify an interest in any specific asset, but seek to recover interest paid to BCCI, other monies and damages. *Id.* Specifically, they claim a "right, title and interest in the funds ordered forfeited by this court to the extent that the Petitioners' funds either paid directly to BCCI by the Petitioners or by REGENCY BANK pursuant to the assignment of the first mortgage on the Petitioners' property by BCCI to REGENCY BANK have been commingled with such forfeited funds, and/or to the extent that such funds being the property of BCCI are property subject to claims for compensatory and punitive damages in an amount exceeding $5 million for the wrongful acts of BCCI and its officers directed against the Petitioners." *Id.* at ¶ 10.

In its Motion to Dismiss, the government contends that the Scarfones' L–Claim should

---

1. *Scarfone, et al., v. REGENCY BANK, et al.*, is presently stayed. *See* Scarfones' L–Claim, *supra*, at ¶ 9.

be dismissed because, at most, they are unsecured general creditors of BCCI. *See* Motion to Dismiss Round 3 Petition of Lee Scarfone, *et al.*, at 2 (filed November 3, 1993). In reply, the Scarfones assert that their interest as unsecured general creditors is sufficient to establish standing and support a claim under 18 U.S.C. § 1963. *See* Petitioners' Response to Motion to Dismiss Round Three Petitions of BCCI Tort Petitioners ("Scarfones' Response"), at 2 (filed November 15, 1993). In addressing the requirement that they identify a particular asset subject to forfeiture, the Scarfones argue that the requirement is inapplicable, because the order of forfeiture applied to *all* of the domestic assets of BCCI. Scarfones' Response, *supra*, at 4. Consequently, even though they are unsecured general creditors, they argue that they have alleged a sufficient interest to entitle them to pursue their L–Claim. The Scarfones did not appear at the hearing.

### 2. WCI's L–Claim.

On October 6, 1993, WCI timely filed its Third Round L–Claim asserting a claim in the BCCI-related assets ordered forfeited in the Third Round of Forfeiture. *See* WCI's L–Claim, *supra*, at 2 (relying upon its original claim, filed March 19, 1992).[2] Specifically, WCI again claims that it was the beneficiary of a letter of credit issued by BCCI–London and has not been paid $499,569.89, plus interest, for goods that it shipped in reliance on the letter of credit. *See id.*, attachment A (original L–Claim), at ¶¶ 2–5.

The government moved to dismiss WCI's Third Round L–Claim on the same grounds that it raised previously: WCI is an unsecured general creditor who lacks standing under 18 U.S.C. § 1963. *See* Motion to Dismiss Round 3 Petition of White Consolidated Industries, at 2 (filed November 3, 1993). In reply, WCI incorporated by reference its previous memoranda and the arguments made by WCI counsel at the hearing on July 23, 1993.

On October 28, 1994, this Court dismissed WCI's original L–Claim, holding that WCI was an unsecured general creditor. *United States v. BCCI Holdings (Luxembourg), S.A., et al.*, Crim. No. 91–0655, Slip op. at 10–11 (October 28, 1994) ("*In re Petition of WCI*"). While WCI had argued that the relationship between the issuer of a letter of credit and the beneficiary is "more complicated than a mere contract relationship and that ... it's a special relationship with unique rights and obligations among the parties to the instrument," Hearing Transcript of July 23, 1993, at 21, the Court disagreed. Letter of credit claimants "are entitled to payment in preference over depositors or other general creditors of the issuer or bank", Uniform Commercial Code § 5–177, but this provision merely grants letter of credit claimants a priority over "*other* general creditors," *id.* (emphasis added). It does not grant a letter of credit claimant any status other than that of a general creditor. *See In re Petition of WCI, supra*, at 10 (citing 2 James J. White & Robert S. Summers, Uniform Commercial Code § 19–11, at 86–87 (3rd ed. 1988)). In its Third Round L–Claim, by incorporating its previous petitions and arguments at the hearing of July 23, 1993, WCI has asserted the same grounds. WCI did not appear at the hearing.

### 3. Shah's L–Claim.

Syed Chiragh Ali Shah timely filed his L–Claim on or about October 26, 1993. Shah asserts an interest in the amount of $2047.50, which represents a check drawn on his account in BCCI–Lahore, Pakistan on June 29, 1991, to the favor of his grandson, Syed Shahzad Murtaza. *See* Shah's L–Claim, *supra*, at ¶¶ 1–2. On July 2, 1991, BCCI–Lahore directed American Express, New York, through its correspondent bank, First American Bank of New York, to debit its account in the amount of $2,047.50 and credit the same to the account of Syed Shahzad Murtaza in his local account, the First Bank of Alabama. *Id.* at ¶ 2 & Annex F. However, before the monies were transferred,

---

**2.** WCI's original L–Claim was dismissed on October 28, 1994. *United States v. BCCI Holdings (Luxembourg), S.A., et al.*, Crim. No. 91–0655, Slip op. at 10–11 (October 28, 1994). The instant L–Claim, based on the same grounds, was filed prior to the Court's ruling on the original claim.

BCCI's assets were shut down by bank regulators in the United States and abroad. When Syed Shahzad Murtaza attempted to obtain access to the monies, he was told by bank authorities that BCCI-related assets and accounts had been frozen. *Id.* at ¶ 2.

Shah first pursued the frozen funds through BCCI–Lahore, which told him that it was not allowed to release the funds based upon an order by the Pakistani government. *Id.* at ¶ 3. Later, Shah's inquiries led to First American Bank, which also told him that it was unable to effect any payments out of BCCI-related accounts. *Id.* at ¶ 4.

Unable to free the funds, Shah filed the instant claim which the government moved to dismiss on November 15, 1993, on the ground that Shah is an unsecured general creditor. *See* Government's Motion to Dismiss Round Three Petitions of BCCI Depositors, *supra,* at 3. On January 12, 1994, Shah filed his reply to the Motion to Dismiss, taking issue with certain facts in the Motion to Dismiss, but not providing anything that would change his status as an unsecured general creditor. Shah did not appear at the hearing.

**4. Siddiqui's Claim.**

On October 18, 1993, Aqeel Ahmed Siddiqui filed his Third Round L–Claim for the amount of $28,500. Siddiqui's claim, identical to the one that he filed in Round Two and which was dismissed by this Court, *see United States v. BCCI Holdings (Luxembourg), S.A., et al.,* 833 F.Supp. 17, 20 (D.D.C.1993), stems from two drafts of $3,500 and $25,000 drawn on June 24, 1991 from his account at BCCI–Colombo, Sri Lanka, to Security Pacific International Bank of New York. Siddiqui's L–Claim, *supra,* at ¶ 2. Before the drafts were honored by Security Pacific International Bank, BCCI's assets in the United States and abroad were frozen on July 5, 1991. Apparently, the first draft for $3,500 was presented for payment and refused; the second draft for $25,000 was never presented. *Id.* at ¶ 3.

On November 15, 1993, the government filed its Motion to Dismiss Round Three Petitions of BCCI Depositors, presenting the same arguments on which it had prevailed in

Round Two: as a depositor in a BCCI bank, Siddiqui was an unsecured general creditor and, therefore, he lacked standing under 18 U.S.C. § 1963. Siddiqui did not reply to the Motion to Dismiss and did not appear at the hearing.

**5. & 6.   Rizvis' and Iyers' Claims.**

On October 7, 1993, Mahfooz H. and Hina M. Rizvi, and Vasudeva M. and Rajalakshmi V. Iyer filed separate but identical Notices of Claims to that portion of BCCI property listed as loans receivable due the BCCI trustee, consisting of the mortgages and notes covering their family homes, which are in Miami, Florida. *See* Rizvis' L–Claim, *supra,* at 1; Iyers' L–Claim, *supra,* at 1. Both the Rizvis and Iyers initially contended that they were owed substantial sums of money by BCCI arising out of a prior employment relationship with BCCI, and they sought a set-off against loans made to them by BCCI. On February 14, 1994, both amended their petitions to "waive any claim to any particular asset held by BCCI and instead assert a general unsecured interest in the estate of BCCI." Notices of Modification of Claim, at 1 (filed February 14, 1994).

On February 17, 1994, the government moved to dismiss both the Rizvis' and Iyers' L–Claims on the ground that they lacked standing as unsecured general creditors. Neither replied to the Motion to Dismiss nor did either appear at the hearing.

**DISCUSSION**

Title 18, United States Code, Section 1963 sets forth an orderly procedure by which third parties seeking to recover interests in forfeited property may obtain judicial resolution of their claims. The provision granting standing to parties seeking to amend an order of forfeiture to exclude certain property states:

> Any person other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of

his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

18 U.S.C. § 1963(*l*)(2).

Section 1963(*l*)(6) sets forth the substantive elements that a third party must establish to obtain amendment of an order of forfeiture. This section provides:

If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that—

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section; the court shall amend the order of forfeiture in accordance with its determination.[3]

■ A petitioner must first establish standing. Only by establishing standing and satisfying the requisite elements of either Subsection 1963(*l*)(6)(A) or Subsection 1963(*l*)(6)(B) may a party obtain judicial relief from an order of forfeiture. *See United States v. BCCI Holdings (Luxembourg), S.A., et al.,* 46 F.3d 1185, 1188 (D.C.Cir.), *cert. denied sub nom. Chawla v. United States,* — U.S. —, 115 S.Ct. 2613, 132 L.Ed.2d 856 (1995); *United States v. Schwimmer,* 968 F.2d 1570, 1584 (2d Cir. 1992); *United States v. Lavin,* 942 F.2d 177, 187 (3d Cir.1991). If a third party fails to allege in its petition all elements necessary

for recovery, including those relating to standing, the court may dismiss the petition without providing a hearing. *See United States v. Campos,* 859 F.2d 1233, 1240 (6th Cir.1988); *United States v. Mageean,* 649 F.Supp. 820, 825 (D.Nev.1986), *aff'd without opinion,* 822 F.2d 62 (9th Cir.1987); S.Rep. No. 225, 98th Cong., 1st Sess. 191, 208 n. 46 (Sept. 12, 1983).

■ In making their instant L-claims, all of the petitioners concede that they are general creditors. Under the law of this Circuit, as general creditors, the petitioners lack standing to assert claims under 18 U.S.C. § 1963. *United States v. BCCI Holdings (Luxembourg), S.A., et al.,* 46 F.3d 1185, 1191–92 (D.C.Cir.), *cert. denied sub nom. Chawla v. United States,* — U.S. —, 115 S.Ct. 2613, 132 L.Ed.2d 856 (1995). Moreover, the Court of Appeals has expressly rejected the Scarfones' alternative argument that they need not identify a particular asset because of the seizure of all of BCCI's domestic assets: "Although a general creditor whose claim exceeds the value of the debtor's estate may in some sense have a legal interest against the entire estate, that is simply not the same as an interest in specific forfeited property—and contrary to [*United States v.] Reckmeyer,* [836 F.2d 200 (4th Cir.1987),] under either prong of § 1963(*l*)(6), only the latter can defeat the government's claim." *Id.* at 1192. None of the petitioners has asserted an interest in specific forfeited property. The government's Motions to Dismiss will be granted and the petitions will be dismissed.

## CONCLUSION

For the reasons stated above, it is hereby

ORDERED that the government's Motions to Dismiss are granted as to the following petitions:

(1) Lee Scarfone and Patricia Scarfone, Individually, ALSA International, Inc., a

---

**3.** Title 18 U.S.C. § 1963(*l*)(6) contains exactly the same language as 21 U.S.C. § 853(n)(6), the statute providing for forfeiture in criminal narcotics cases, and it appears that no court has interpreted these two provisions differently. Because the two subsections are identical and be-

cause of the relative dearth of case law interpreting and applying Section 1963(*l*), the Court's opinion relies on the reasoning contained in Section 853(n) cases as well as that of Section 1963(*l*) cases.

Florida corporation, and Banditball, Inc., a Florida corporation;

(2) White Consolidated Industries, Inc.;

(3) Syed Chiragh Ali Shah;

(4) Aqeel Ahmed Siddiqui;

(5) Mahfooz H. Rizvi and Hina M. Rizvi; and

(6) Vasudeva M. Iyer and Rajalakshmi V. Iyer.

IT IS SO ORDERED.