**UNITED STATES of America**

**v.**

**EAST CARROLL CORRECTIONAL SYSTEMS, INC.**

**No. Crim.A 3:96–30005–05.**

United States District Court, W.D. Louisiana, Monroe Division.

July 22, 1998.

Donald L. Kneipp, Kneipp & Hastings, Monroe, LA, for East Carroll Corrections Systems, Inc.

Richard A. Willis, U.S. Attorneys Office, Lafayette, LA, for United States.

## MEMORANDUM RULING AND ORDER

MELANÇON, District Judge.

Before the Court is a Motion to Dismiss Petitions for Hearing filed by the government. For the following reasons the motion will be granted.

### I. Background

On October 15, 1997 defendant East Carroll Correctional Systems, Incorporated ("ECCS") was convicted by a jury of mail fraud, conspiracy to commit money laundering and money laundering. The jury also found various ECCS assets to be forfeitable to the United States. In accordance with Title 18, United States Code, Section 982(a)(1), this Court entered an Initial Order of Forfeiture on April 14, 1998. *(R. 227).* The Initial Order of Forfeiture indicated the following property was to be forfeited to the United States: (1) the East Carroll Detention Center, purchased by ECCS on April 19, 1990; (2) a Court-ordered escrow account containing post-indictment rental payments from the East Carroll Parish Sheriff's Office to ECCS; (3) an ECCS certificate of deposit at the Hibernia National Bank of Lake Providence; (4) an ECCS account at the Hibernia National Bank of Lake Providence; and (5) ECCS itself and any remaining corporate assets, including pre-indictment rental payments totaling in excess of $2.8 million. *(Id.).*

On May 13, 1998, several purported shareholders (hereinafter referred to collectively as "claimants") of ECCS [1] filed petitions for hearings on the validity of the Initial Order of Forfeiture pursuant to Title 21, United States Code, Section 853(n). *See (R. 266– 74).* In each petition, the shareholder claims a right, title or interest in the ECCS assets described in the Initial Order or Forfeiture and argues the Initial Order of Forfeiture should be annulled to recognize the interest of the shareholder. *See, e.g., (R. 266, paras.4–5).* The United States responded by filing the instant Motion to Dismiss. In its motion, the United States maintains claim-ants lack standing to petition the Court for a hearing pursuant to Title 21, United States Code, Section 853(n).

### II. Analysis

#### A. The Statutory Scheme

Title 21, United States Code, Section 853(n) recognizes certain third-party interests in assets that are subject to forfeiture. Specifically, Section 853(n)(6) requires a district court to amend its order of forfeiture if a petitioner can demonstrate either of the following:

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section . . .

However, in order for a petitioner to bring a claim under subsection 853(n)(6), he must first establish standing to petition the court. Standing exists where "[a]ny person, other than the defendant, assert[s] a legal interest in property which has been ordered forfeited to the United States." 21 U.S.C. § 853(n)(2). Any person asserting such an interest may "petition the court for a hearing to adjudicate the validity of his alleged interest in the property." *Id.*

■ The standing provision of Section 853 permits only "two narrow categories of third parties" to petition the court for a hearing. *United States v. Lavin,* 942 F.2d 177, 185 (3rd Cir.1991). The first category is comprised of claimants who "had a legal interest in the property that, at the time of the

---

**1.** The government disputes that claimants are, in fact, shareholders of ECCS. However, for purposes of its Motion to Dismiss, the United States accepts the allegations of claimants that they are valid ECCS shareholders.

commission of the acts giving rise to the forfeiture, was vested in [them] rather than the defendant or was superior to the interest of the defendant." *Id.*, quoting S.Rep. No. 225, 98th Cong. 1st Sess. 208, reprinted in 1984 U.S.Code Cong. & Admin.News 3182, 3392. The second category of potential claimants consists of individuals who "acquired [their] legal interest after the acts giving rise to the forfeiture but did so in the context of a bona fide purchase for value and had no reason to believe that the property was subject to forfeiture." *Id.* To establish standing in either case, a petitioner must demonstrate that he has a legal right, title or interest in the property subject to forfeiture. *Id.* at 179, 185; *United States v. Campos*, 859 F.2d 1233, 1238 (6th Cir.1988).

Where a party seeking relief pursuant to Section 853(n)(6) fails to allege in its petition all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without a hearing. *United States v. BCCI Holdings*, 919 F.Supp. 31, 36 (D.D.C.1996); *Campos*, 859 F.2d at 1240; *see also United States v. $364,960.00 in U.S. Currency*, 661 F.2d 319, 326 (5th Cir.1981) (stating that a claimant who challenges the government's forfeiture of money or property under a federal statute "must first demonstrate an interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture").

### B. The Petitioners's Claims

In this case, nine claimants have filed petitions for hearings pursuant to Section 853(n). *(R. 266–74).* Each claimant alleges he or she is a shareholder of ECCS and therefore has a right, title or interest in the ECCS assets this Court has ordered forfeited to the United States. *See, e.g., (R. 266, para.5).* Each claimant further asserts he or she is a bona fide purchaser for value of the right, title or interest in the forfeited property.

 In a federal forfeiture action, ownership interests are defined by state law, and the federal forfeiture statutes determine whether those property interests must be forfeited to the government. *United States v. Lester*, 85 F.3d 1409, 1411 (9th Cir.1996). In this case, petitioners claim a right, title or interest in certain assets of ECCS, a Louisiana corporation. *See, e.g., (R. 266, paras.2–5).* Under Louisiana law, "[a] corporation is a separate entity from its shareholders." *Fina Oil & Chemical Co. v. Amoco Prod. Co.*, 673 So.2d 668, 672 (La.App. 1st Cir. 1996); *see also* La.Civ.Code, art. 24 ("A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership. The personality of a juridical person is distinct from that of its members."). As a result, "[t]he property of [a] corporation is not the property of the individual shareholders. Nor does a shareholder have a pecuniary interest in the property owned by the corporation." *Succession of Mydland*, 653 So.2d 8, 11 (La.App. 1st Cir. 1995) (citations omitted).

 Pursuant to Louisiana law, claimants have absolutely no interest in the ECCS corporate assets that have been ordered forfeited to the United States.[2] Rather, the petitioners's "ownership interest[s] in the corporation [are] in the stock issued by [ECCS]." *Succession of Mydland*, 653 So.2d at 11. Petitioners concede that corporations and shareholders are separate juridical persons, but they argue "this legal fiction cannot paper over the facts that the ultimate beneficial owners of the assets of a corporation are its shareholders. A corporation is organized for their benefit, and the assets are held for their profit and use." *Claimants's Opposition to Motion to Dismiss, at 7.* While it is true that shareholders of Louisiana corporations do enjoy certain rights provided by law or by corporate articles of incorporation, "such rights do not entitle them to any direct ownership interest in property owned by the corporation." *Succession of Mydland*, 653 So.2d at 11, citing La.R.S. § 12:1, *et seq.* Therefore regardless of what benefits claimants might derive as shareholders of ECCS, they do not have any ownership rights in the

---

2. *See also Smith v. Smith*, 685 So.2d 649, 654 (La.App. 1st Cir.1996) ("As a stockholder in the former corporation, Lionel had no direct ownership interest in the assets of the corporation. As a separate entity, distinct from its shareholders, the corporation was the owner of the clinic's assets.").

**854**

actual corporate assets subject to forfeiture in this case.[3]

In a final effort to avoid dismissal of their petitions, claimants cite *United States v. Reckmeyer*, 836 F.2d 200 (4th Cir.1987), and *United States v. Campos*, 859 F.2d 1233 (6th Cir.1988), for the proposition that forfeiture statutes must be construed expansively to protect the "interests" of innocent claimants. *Claimants's Opposition to Motion to Dismiss, at 8–9.* The Court finds each of these cases inapposite to the facts before it. In *Reckmeyer*, the Fourth Circuit, *applying Virginia law*, concluded that unsecured creditors of persons whose property is subject to forfeiture have a legal interest in the forfeited property. 836 F.2d at 205. In this case, applicable state law clearly establishes that claimants have no right in the forfeited property. *See supra*, pp. 5–6. In *Campos*, the Sixth Circuit recognized that Section 853 "requires a liberal construction" and that certain unsecured claimants may have "an opportunity to be heard with respect to a forfeit[ed]" asset. 859 F.2d at 1237–38. However, *Campos* also recognizes that a petitioner, in order to prevail under Section 853(n)(6), "must establish that he a has a legal right, title or interest in the property ... vested in the petitioner rather than the defendant ... at the time of the commission of the acts which gave rise to the forfeiture." *Id.* at 1238 (citations omitted).[4] Again, in this case, it is clear that claimants have no vested right or interest in the forfeited corporate assets.

### III. Conclusion

Under Louisiana law, it is clear that claimants have no right, title or interest in the ECCS assets that have been ordered forfeited to the United States. As such, claimants lack standing to petition the Court for a

hearing pursuant to Title 21, United States Code, Section 853(n).

---

**3.** Of course, claimants remain stockholders of ECCS, and may take other action on behalf of the corporation, such as filing a derivative suit against the officers and directors of ECCS for mismanagement. As the government specifically states in its Response to Claimants's Opposition, it is not seeking forfeiture of claimants shares, and this Memorandum Ruling and Order will not deny claimants the opportunity to exercise their rights as shareholders in a subsequent derivative suit.

**4.** The *Campos* Court went on to hold the claimants before it, who were unsecured, general creditors of the defendant, "failed to allege or make a prima facie showing of any legal right, title, or interest in the forfeited property and thus no hearing or trial was mandated in respect to the claims made by [claimants]." 859 F.2d at 1240.