**UNITED STATES of America**

v.

**SALAM, INC., et al.**

**No.  CRIM.A. 00–295.**

United States District Court,
E.D. Louisiana.

Nov. 20, 2001.

Ralph S. Whalen, Jr., Attorney at Law, New Orleans, LA, for Salam Inc., Dalal Inc., Malka, Inc, Nor Inc., Family Farm Inc., Basha Inc., Serena Inc., Hindi Inc.

Stehen David London, Attorney at Law, New Orleans, LA, Jacqueline M. Goldberg, New Orleans, LA, Clarence Roby, Jr., New Orleans, LA, Nanak Sing Rai, Attorney at Law, Metairie, LA, for Omar Abdallah Ahmad, Walid Ahmad, Abdelrahim Ayyad, Ahmad Afif Ayyad, Zuhdi Mahmoud Ayyad, Ayed H. Hammad, Ismail Mustafa Odeh, Mashkoor Ali Kahn, Abdelqader Faraj.

Ralph Capitelli, Capitelli & Wicker, New Orleans, LA, for Abdelaziz Y. Hindi, Ahmad A. Hindi, Bilal A. Hindi, Rabah A. Hindi.

Kevin Patrick Monahan, Attorney at Law, Baton Rouge, LA, for Yasser Zaben.

Donald Lynn Foret, Attorney at Law, Metairie, LA, for Husni Madi.

Ralph S. Whalen, Jr., Attorney at Law, New Orleans, LA, for Travelers Express Co., Inc.

## ORDER AND REASONS

FALLON, District Judge.

Before the Court is the Government's Motion to Dismiss "Claim of Owner" Filed by Travelers Express Co., Inc., Travelers Express Co. Inc.'s Opposition to Motion to Dismiss, Government's First and Second Supplemental Memorandum in Support of the Motion to Dismiss, and Travelers Express Co. Inc.'s Supplemental Opposition to Motion to Dismiss. For reasons set forth below, the Government's Motion to Dismiss is DENIED.

## Background

On April 24, 2001, the United States Attorney for the Eastern District of Louisiana filed Superseding Bills of Information against Salam, Inc., Malak, Inc., Nor Inc., Basha Inc., Family Farm Inc., and Serena Inc., charging the defendants with violations of 31 U.S.C. § 5324(b), and 18 U.S.C. §§ 2, 982, and 1341. A Superseding Bill of Information was also filed on this date charging Ahmad Hindi with with violations of 26 U.S.C. § 7206(1); 31 U.S.C. § 5324(b) and 18 U.S.C. §§ 2 and 982.

The superseding Bills of Information sought the forfeiture, pursuant to 18 U.S.C. § 982, of the following properties:

Funds in the amount of $36,968.84 in Bank One Account No. 110828321 in the name of Hayne Discount Market;

Funds in the amount of $112,403.74 in Bank One Account No.5113774384 in the name of Salam Inc. d/b/a Broad Meat Market;

Funds in the amount of $120,756.95 in Bank One Account No. 110641310 in the name of Malak Inc. d/b/a Crowder Discount Market;

Funds in the amount of $106,587.90 in Bank One Account No. 1104412001 in the name of Nor Inc. d/b/a Downman Discount Market;

Funds in the amount of $79,415.31 in Bank One Account No. 110513118 in the name of Basha Inc. d/b/a Louisiana Meat Market;

Funds in the amount of $47,817.16 in Whitney Bank Account No. 6010802 in the name of Family Farm Inc. d/b/a Family Farm Market;

Funds in the amount of $150,348.00 in Bank One Account No. 5114049675 in the name of Serena Inc. d/b/a Read Meat Market

On April 24, 2001 the above described defendants pleaded guilty to a Superseding Bill of Information pursuant to a plea agreement in which all of the defendants agreed to the forfeiture of the above described properties. On June 19, 2001, this Court entered a Preliminary Order of Forfeiture. Notice of this forfeiture was published in the New Orleans Times Picayune on July 5, 2001. On July 26, 2001, Travelers Express Company, Inc. ("Travelers") filed a "Claim of Owner," claiming to be the true owner of $209,915.48 in United States Currency seized from the accounts of the above described defendants.

On August 14, 2001 the Government filed a Motion to Dismiss the Claim of Owner contending first that the claim was formally insufficient in that it was not signed by petitioner under penalty of perjury and that it did not request a hearing. Secondly, the Government contends that Travelers lacks standing to file the petition in that Travelers is only a general creditor and has no claim or interest in the specific assets which it now claims.

### Law and Discussion

Title 21, United States Code, Section 853(n) recognizes certain third-party interests in assets that are subject to forfeiture. Specifically, Section 853(n)(6) requires a district court to amend its order of forfeiture if a petitioner can demonstrate either of the following: (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

However, in order for a petitioner to bring a claim under subsection 853(n)(6), he must first establish standing to petition the court. Standing exists where "[a]ny person, other than the defendant, assert[s] a legal interest in property which has been ordered forfeited to the United States." 21 U.S.C. § 853(n)(2). Any person asserting such an interest may "petition the court for a hearing to adjudicate the validity of his alleged interest in the property." *Id.* The standing provision of Section 853 permits only "two narrow categories of third parties" to petition the court for a hearing. *See United States v. East Carroll Corr. Sys., Inc.,* 14 F.Supp.2d 851, 852 (W.D.La.1998); *United States v. Lavin,* 942 F.2d 177, 185 (3rd Cir.1991). The first category is comprised of claimants who "had a legal interest in the property that, at the time of the commission of the acts giving rise to the forfeiture, was vested in [them] rather than the defendant or was superior to the interest of the defendant." *See East Carroll,* 14 F.Supp.2d at 852 (quoting S.Rep. No. 225, 98th Cong. 1st Sess. 208, reprinted in 1984 U.S.Code Cong. & Admin.News 3182, 3392). The second category of potential claimants consists of individuals who "acquired [their] legal interest after the acts giving rise to the forfeiture but did so in the context of a bona fide purchase for value and had no reason to believe that the property was subject to forfeiture." *Id.* at 853 To establish standing in either case, a petitioner must demonstrate that he has a legal right, title or interest in the property subject to forfeiture. *Id.; United States v.*

*Campos,* 859 F.2d 1233, 1238 (6th Cir. 1988).

■ Where a party seeking relief pursuant to Section 853(n)(6) fails to allege in its petition all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without a hearing. *See East Carroll,* 14 F.Supp.2d at 853; *United States v. BCCI Holdings,* 919 F.Supp. 31, 36 (D.D.C.1996); *Campos,* 859 F.2d at 1240; *see also United States v. $364,960.00 in U.S. Currency,* 661 F.2d 319, 326 (5th Cir.1981) (stating that a claimant who challenges the government's forfeiture of money or property under a federal statute "must first demonstrate an interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture").

The Fifth Circuit has held that "the burden of establishing standing to contest a forfeiture is on the claimant seeking to come before the court. A claimant need not prove the merit of his underlying claim, but he must be able to show at least a facially colorable interest in the proceedings sufficient to satisfy the case-or-controversy requirement and 'prudential considerations defining and limiting the role of the court'. This burden applies to all forfeitures." *United States v. $321,470.00 United States Currency,* 874 F.2d 298 (5th Cir.1989).

■ In this case Travelers claims an interest in the specific funds at issue as the proceeds from the sale by defendants of Travelers money orders. In essence Travelers asserts that it had a proprietary interest in the money orders and that the funds received by the defendants through the sale of the money orders was simply a substitute for the money orders.

Addressing first the question of the insufficiency of the petition of Travelers in this case, in particular that the "Claim of Owner" filed by Travelers was not signed by the petitioner and that the petition did not request a hearing, the Court finds that the requirements of 21 U.S.C. § 853(n)(2) were met in this case. The "Claim of Owner" was signed by Ralph S. Whalen, Jr., attorney for Travelers. Because Travelers is a juridical entity it can only act through its appointed agents and Mr. Whalen is such an appointed agent as evidenced by the affidavit of Larry W. Henson, Corporate Collection Manager of Travelers. Second, as to the Government's complaint that the "Claim of Owner" does not expressly request a hearing, 21 U.S.C. § 853(n)(2) does not require that a demand for a hearing be expressly stated. The Court finds that the purpose of the "Claim of Owner" was clearly to pursue a hearing in this matter. *See generally, United States v. One Parcel of Real Property Known as 116 Emerson Street,* 942 F.2d 74, 78 (1st Cir.1991).

■ Turning next to the question of whether Travelers has standing to pursue its claim, the Government maintains that Travelers is at best a general creditor of the defendants' estates. The Government relies on several cases to suggest that a general creditor can not demonstrate a legal interest in any specific property subject to forfeiture and thus lacks standing to file claims in ancillary proceedings. On the other hand, Travelers argues that the "Trust Agreement" entered into by and between Travelers and each of the individual defendants grants to Travelers greater rights in the funds than that of a general creditor. Specifically, the Trust Agreement appoints the defendants as trustees empowered to sell Travelers money orders and to hold all proceeds from the sale of money orders (defined as "trust proceeds") in trust for Travelers and separate from trustee's funds. Furthermore, the Agreement provides that the trustees grant to Travelers a continuing security interest in all proceeds of the sales of money orders.

Although a general creditor may lack standing to pursue an ancillary claim [*see United States v. Schwimmer*, 968 F.2d 1570, 1581 (2d Cir.1992); *United States v. BCCI Holdings*, 833 F.Supp. 17, 20 (D.D.C.1993), *aff'd* 46 F.3d 1185 (D.C.Cir. 1995); *United States v. Campos*, 859 F.2d 1233, 1238 (6th Cir.1988) ] it is not clear that Travelers is a general creditor. The Court finds that Travelers has demonstrated a facially colorable claim to the specific funds constituting a portion of the total sum seized by the Government in this case. Nevertheless, the Court declines to decide at this point whether the Trust Agreement retains ownership of the funds in Travelers by rendering the trustees mere depositaries of the funds (*see* La. Civ.Code arts. 3437 and 3438), or whether the Agreement creates a security interest in the specific funds.

### Conclusion

Accordingly, for the reasons set forth above, IT IS ORDERED that the Government's Motion to Dismiss "Claim of Owner" Filed by Traveler's Express Co., Inc. be and hereby is DENIED.