**UNITED STATES of America,**

v.

**BCCI HOLDINGS (LUXEMBOURG), S.A., Bank of Credit and Commerce International, S.A., Bank of Credit and Commerce International (Overseas) Limited, and International Credit and Investment Company (Overseas) Limited, Defendants.**

**Crim. A. No. 91–0655 (JHG).**

United States District Court, District of Columbia.

Aug. 26, 1997.

Stefan D. Cassella, Rutherford, NJ, Michele L. Crawford, U.S. Dept. of Justice, Olney, MD, for Plaintiff.

Gerard Roble, Merkle and Magri P.A.nz, Tampa, FL, for Defendants.

### ORDER

JOYCE HENS GREEN, District Judge.

Upon consideration of the Government's Motion for the Imposition of Sanctions Relating to the L–Claim of Lee and Patricia Scarfone ("Motion for Sanctions"), the motion will be denied for failure to follow the procedural requirements of Fed.R.Civ.P. 11(c)(1)(A).

In its Motion for Sanctions against attorney Gerard Roble and/or against the law firm of Merkle & Magri, P.A., the United States correctly notes that counsel for the petitioners have filed four petitions under 18 U.S.C. § 1963(*l*)—each of which has been denied on ground that, as general creditors of BCCI, they lack standing. *See United States v. BCCI Holdings (Luxembourg), S.A. (In re* Petition of Scarfone, et al.), 841 F.Supp. 1, 4–5 (D.D.C.1993) (dismissing Round One and Round Two petitions); *United States v. BCCI Holdings (Luxembourg), S.A. (In re* Petitions of General Creditors), 919 F.Supp. 31, 33–34 (D.D.C.1996) (dismissing Round Three petition); *United States v. BCCI Holdings (Luxembourg), S.A. (In re* Fourth Round Petitions of General Creditors), 956 F.Supp. 1, 4 (D.D.C.1996) (dismissing Round Four petition). While the petitioners never appealed these rulings, the United States Court of Appeals for the District of Columbia Circuit has twice affirmed this Court's rulings on the standing of general unsecured creditors. *United States v. BCCI Holdings (Luxembourg), S.A. (In re* Petition of the Organization of American States), 73 F.3d 403 (D.C.Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 50, 136 L.Ed.2d 14 (1996); *United States v. BCCI Holdings (Luxembourg), S.A. (In re* Petition of Chawla, *et al.*), 46 F.3d 1185, 1192 (D.C.Cir.), *cert. denied sub nom Chawla v. United States,* 515 U.S. 1160, 115 S.Ct. 2613, 132 L.Ed.2d 856 (1995). Nevertheless, on December 16, 1996, counsel for the petitioners filed a claim under 18 U.S.C. § 1963(*l*) that was virtually identical (if not identical in whole) to the four previous petitions that had been rejected.

On or about January 17, 1997, Counsel from the Department of Justice contacted petitioners' counsel by letter. *See* Motion for Sanctions at 3 & Ex. A. Later, government counsel contacted petitioner's counsel by telephone. Nevertheless, the Fifth Round petition was not withdrawn and, on March 19, 1997, the government filed the instant motion. On March 31st, the petitioners, through counsel, withdrew their petition. The petitioners' counsel did not, however, respond to the Motion for Sanctions until this Court issued an order stating that failure to respond by April 21st would be construed as

conceding the government's motion. *See* Order of April 10, 1997. On April 16th, the petitioners, through counsel, filed a response, which they amended on April 29th.

Under Fed.R.Civ.P. 11(c)(1)(A), the "safe harbor" provision that was added in 1993, a motion for sanctions shall be served as provided in Rule 5 and shall not be filed unless, within 21 days after service of such motion, the offending filing has not been withdrawn or corrected. However, the record does not indicate that the government strictly complied with this provision. While the letter to petitioner's counsel expressed the government's views that the petitioners' Fifth Round petition "may be frivolous," it did not clearly indicate the government's intention to file a motion pursuant to Rule 11 should the petitioners, through counsel, fail to withdraw their claim. The "safe harbor" provision of Rule 11 clearly requires service of the motion for sanctions pursuant to Rule 5 as a "warning shot" prior to the filing of such motion. Although the Court is reluctant to say anything that could be taken as criticizing counsel for being too polite, the government's letter to petitioners' counsel is too tentative to provide the functional equivalent of "safe harbor" notice:

> I wanted to bring this information to your attention so you might consider whether to withdraw the latest L-claim voluntarily. If I could have the favor of your response by January 31, 1997, I would be grateful.

Ex. A at 2 (undated letter from Gerald E. McDowell to Robert W. Merkle, Esq.).

While the United States appears to have stated a strong case for sanctions on the merits, absent compliance with Rule 11(c)(1)(A), such a motion must be denied. *Elliott v. Tilton,* 64 F.3d 213, 216 (5th Cir. 1995). Had the government's letter indicated an intention to file a motion for sanctions should the petitioners, through counsel, persist in maintaining their Fifth Round petition, this Court might have construed such a letter as the functional equivalent of the notice requirement of the "safe harbor" provision.

However, because the "safe harbor" provision does not apply to sanctions imposed by the Court on its own initiative, Fed.R.Civ.P. 11(c)(1)(B), *see Elliott,* 64 F.3d at 216, the petitioners' counsel shall show cause why this Court should not, on its own initiative, impose sanctions for conduct by counsel that appears to be in violation of Fed.R.Civ.P. 11(b).[1] *See, e.g.,* Fed.R.Civ.P. 11(b)(2) ("the legal contentions [in the Fifth Round petitioner] are warranted by existing law").

Accordingly, it is hereby

**ORDERED** that the United States' Motion for Sanctions is denied for failure to comply with Fed.R.Civ.P. 11(c)(1)(A); and it is

**FURTHER ORDERED** that the petitioners, through counsel, shall file a memorandum explaining why sanctions should not be imposed against such counsel for violating Fed.R.Civ.P. 11(b) on or before **September 17, 1997;** the United States's response, if any, is due on or before **September 24, 1997;** and the petitioners' reply is due on or before **October 1, 1997.** The Court invites the parties' views on the nature of sanction(s), if any, that may be appropriate.

IT IS SO ORDERED.

---

1. The Court was in the process of reviewing the Fifth Round petitions when the petitioner withdrew their filing. However, had the United States not filed its motion, the Court would have exercised her discretion to issue a show cause order *sua sponte.*