DeGiacomo v. Morrison                    CV-02-310-M    12/04/03
### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW HAMPSHIRE

James R. DeGiacomo, Esq., as the
Administrator of the Estate of
Antoine M. Beyrouti

    v.                                        Civil No. 02-310-M
                                              Opinion No. 2003 DNH 211
Gary Morrison, Neil E. Emerson and
Ne-San, Inc.

## O R D E R

Plaintiff moves to compel production of recorded statements of Gary Morrison and of Neil E. Emerson taken on July 7, 1999 by an adjustor for Acadia Insurance Co.  Defendant Morrison objected timely to the requests on the basis of attorney-client privilege and/or work product protection.  Defendants Emerson and Ne-San, Inc. objected on the basis of work product protection.[1]

### Background

On July 3, 1999, defendant Morrison was operating a commercial dump truck hauling a trailer carrying a backhoe which was in a collision with a vehicle operated by Louise Griffin. After that collision, the truck crossed the solid-yellow line and

---

[1]The objection is not timely as it was due on November 10th but not filed until November 24, 2003.  No leave for a late filing was requested of the court.  The court has considered it nevertheless.

collided with the plaintiff decedent's stopped vehicle, crushing decedent and causing his death. Neil Emerson, President of Ne-San, Inc. allegedly did the pre-inspection and entrusted the truck to Morrison, allegedly without determining that Morrison was not licensed to operate a Class A commercial vehicle. Acadia Insurance Co., insured Emerson's Mobil Home Park and Campgrounds.[2] It retained Attorney Ciotti to represent Morrison and Emerson. By letter dated July 7, 1999, Ciotti suggested it would "be helpful to take the statements" of Sandra Emerson and Gary Morrison. In fact, on July 7, 1999, the adjustor took statements from Gary Morrison and Neil Emerson, not Sandra Emerson. The letter filed <u>in</u> <u>camera</u> states that it was sent via telecopier. It is simply not clear whether the letter was received by the Acadia adjustor before or after the statements were taken.[3]

Discussion

Defendants quite rightly have abandoned any claim that the statements taken by the adjustor are subject to attorney-client

---

[2]It is not clear but apparently the corporate owner and insured was Ne-San, Inc.

[3]The filings contain no suggestion of any conversation directing the taking of statements.

privilege.  Clearly, counsel gave no advice nor was any sought by any of the defendants from Attorney Ciotti on July 7, 1999 in connection with the statements.

It is clear from the in camera letter of July 7th and from the fact that the questions asked were the adjustor's without input from counsel that the work product privilege asserted is ordinary work product, not opinion work product which " . . . encompass(es) materials that contain the mental impressions, conclusions, opinions or legal theories of an attorney . . . ." In re San Juan Dupont Plaza Hotel Fire Litigation, 859 F.2d 1007, 1014 (1st Cir. 1988).  Ciotti did nothing more than suggest the statements of Sandra Emerson and Morrison be taken.  All parties have briefed the issue as one of ordinary work product and that is the appropriate description based upon the filings.

Fed. R. Civ. P. 26(b)(3) provides that:

> . . . a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation . . . by or for another party or by or for that other party's representative (including the other party's . . . insurer . . .) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial

3

equivalent of the materials by other means. The party asserting work product protection bears the burden of establishing that what is sought are "(1) documents or tangible things (2) which were prepared in anticipation of litigation or trial (3) by or for a party or by or for that party's representative." Pacamor Bearings, Inc. v. Minebea Co., Ltd., 918 F. Supp. 491, 512 (D.N.H. 1996).

### (1) Documents and Other Tangible Things

The items defendants claim are protected under the work product doctrine are two tape recordings. Fed. C. Civ. P. 26(b)(3) does not define either "documents" or "other tangible things." However, Fed. R. Civ. P. 34, the rule under which the plaintiff sought the recordings, does provide that "documents (include writings . . . phonorecords, and other data compilations . . .)." "A number of courts have ruled that tape recorded conversations may constitute work product material." 6 James Wm. Moore, et al., Moore's Federal Practice § 26.70[2][d]. The tape recordings are encompassed by the word "document" in Rule 26(b)(3).

### (2) Prepared in Anticipation of Litigation or Trial

The letter filed in camera makes it clear that the

4

statements were taken at a point in time when initial defense counsel and the insurer anticipated litigation. The lawyer was hired because of anticipated litigation. In a factual setting where a death occurred to a motor vehicle operator on his own side of the road by a commercial truck operated by an under licensed operator crossing over a yellow line to strike decedent's vehicle, it would have been foolhardy for an insurer not to anticipate litigation. Defendants have satisfied this prong of the work product requirements.

(3) Prepared by a Party or its Representative

The tape recorded statements were taken by an adjustor for the insurer providing coverage to all three defendants at the suggestion of counsel hired by that insurer to represent them. The language of Rule 26(b)(3) specifically includes "insurers" within the examples of a "partys' representative". Again, defendants have met their burden.

The two tape recorded statements are work product of the ordinary, as opposed to opinion, variety. The questions shift to whether the work product protection has been waived and/or whether plaintiff (a) has shown a substantial need of the materials and (b) is unable without undue hardship to obtain the

5

substantial equivalent.

(4) <u>Waiver</u>

Initially, Morrison and Emerson were represented by the same attorney hired by the same insurer who took both their statements. At some point the conflict of interest became clear to the attorney and he withdrew. The insurer's conflict should also have been clear to it.[4] The insurer subsequently retained separate counsel for Emerson and Morrison and since each of these parties asserted work product protection as to both statements they each <u>presumably</u> were provided a copy. "(T)he prevailing rule (is) that disclosure to an adversary, real or potential, forfeits work product protection." <u>United States v. Massachusetts Institute of Technology</u>, 129 F.3d 681, 687 (1st Cir. 1997). The parties have not briefed this point and, without more evidence that each party in fact has both statements, the court will not decide it. Plaintiff is free to inquire of defense counsel as to which statement(s) each has and to file an expedited motion on the basis of waiver.

---

[4]On the motion papers alone the conflict is clear from Morrison's statement that the status of his license was not discussed during the entrustment while Emerson says he was assured by Morrison of proper licensing.

## (5) Substantial Need

Professor Moore states that "substantial need for material otherwise protected by the work product doctrine is demonstrated by establishing that the facts contained in the requested documents are essential elements of the requesting party's prima facie case . . . (and that an example of such materials). . . are contemporaneous statements taken from, or made by, parties or witnesses." Moore, supra, § 26.70[5][a]. In fact "(t)here is now a substantial body of authority that goes beyond this and suggests that statements taken from witnesses at about the time of the occurrence described in them are unique, in that they provide an immediate impression of the facts." Wright, Miller and Marcus, Federal Practice and Procedure, § 2025, p.385. The "mere lapse of time is in itself enough to justify production . . . ." Id. Both treatises and the cases they rely upon are consistent with the Advisory Committee's notes to the 1970 Amendment to Rule 26(b)(3).

Consistent with these authorities plaintiff asserts that memories of the witnesses were better at the time of the statements, their depositions were three years later and there are inconsistencies between deposition testimony and reports

7

contemporaneous with the accident.  The statements may not be <u>res</u> <u>gestae</u> but they are uniquely contemporaneous in comparison to depositions years after the event.  Substantial need is found.

(6) <u>Substantial Equivalent</u>

A deposition years after the accident is not the substantial equivalent of a contemporaneous statement since, among other things, memories fade and the pre-trip inspection report file has not been produced as requested and may no longer be available. <u>See</u> <u>Savoy v. Richard A. Carrier Trucking, Inc.</u>, 176 F.R.D. 10, 14 (D. Mass. 1997).  The substantial equivalent to the contemporaneous factual statement as to both is not a deposition three years later.

The motion (document no. 21) is granted.  The original tapes and any transcriptions are to be made available within five days so that plaintiff may use the material in his summary judgment response.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: December 4, 2003

8

cc:     Wilfred J. Desmarais, Jr., Esq.
        Robert G. Eaton, Esq.
        John P. Fagan, Esq.
        Brian A. Gillis, Esq.